**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

FIRST STUDENT, INC.,

        Plaintiff,

-v-

INTERNATIONAL
BROTHERHOOD OF
TEAMSTERS, LOCAL NO. 443,

        Defendant.

CIVIL ACTION NO.:   3:26-cv-00451     

**MARCH 25, 2026**

**COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND
<u>PERMANENT INJUNCTION</u>**

As and for its Complaint against Defendant International Brotherhood of Teamsters

Local 443 ("Defendant" or "the Local Union"), Plaintiff First Student, Inc. ("Plaintiff" or "First

Student") alleges as follows:

**<u>Nature of the Action</u>**

1.      This is an action for injunctive relief to stop the Defendant, a labor union

representing school drivers and driver assistants in Hamden, Connecticut, from an unlawful and

disruptive labor strike.  Defendant has threatened to strike as soon as April 1, 2026 and has

rejected Plaintiff's request for assurances that it will not strike.  Defendant's strike would violate

federal law, cause irreparable harm to Plaintiff, and impose massive hardship on schoolchildren

and their parents.  Defendant threatens to deprive Hamden area students of transportation to and

from school in a bad faith attempt to force Plaintiff to change settled contractual terms halfway

through a 5-year collective bargaining agreement that contains a no-strike clause.  The agreement

expressly prohibits this, and Plaintiff has demanded that the parties arbitrate this dispute, as the

agreement requires any disputes concerning its terms must be addressed through the collective bargaining agreement's mandatory grievance and arbitration process. But Defendant refuses to arbitrate and is stymieing the grievance and arbitration process through the strike. Plaintiff asks the Court to enable the grievance and arbitration process to proceed by enjoining Defendant, and those acting in concert with Defendant, from unlawfully striking.

## The Parties

2.      Plaintiff provides student transportation services to school districts. First Student partners with approximately 1,200 school districts across 43 states, including Connecticut. On a daily basis, First Student safely transports millions of students between home and school in buses and vans. First Student also offers driver training, transportation consulting, and technology solutions for route optimization, tracking, and parent communication.

3.      Defendant is an unincorporated association that represents employees, including all drivers employed by First Student at its Dixwell Avenue, Hamden, Connecticut location. The Local Union is the "sole and exclusive bargaining agent" for those employees.

## Jurisdiction and Venue

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 based on the existence of a federal question.

5.      The Court has general jurisdiction over the Defendant Local Union because it resides in this District. The Court has specific personal jurisdiction over the Local Union because it is purposefully directing its activities to this District by threatening to unlawfully strike and refusing to transport students to and from schools located in this District.

6.      Venue is proper in this Court because the Local Union's principal office is located in this District and actions upon which this Complaint is based have taken place here.

**Factual Background**

7.      First Student has contracts with school districts across the country to transport students to and from school, including contracts with Hamden Public Schools in Hamden, Connecticut.

8.      First Student employs approximately 22,175 employees, including drivers, monitors, and mechanics, who are represented by local Teamsters unions.  First Student is a party to approximately 260 collective bargaining agreements with locally organized Teamsters unions.

9.      The Defendant Local Union represents approximately 94 drivers and driver's assistants employed by First Student in Hamden.

10.      Representatives of First Student negotiated in good faith with the Local Union to reach a collective bargaining agreement that governs all terms and conditions of the drivers' employment. Critically, the Local Union agreed to resolve all disputes regarding these terms and conditions through a grievance and binding arbitration process. First Student provided economic and other consideration for "labor peace," i.e., the Local's no strike commitment for a 5-year collective bargaining agreement commencing on September 1, 2024 (the "Local CBA").

11.      Pursuant to the Local CBA, First Student recognizes the Local Union as "the sole and exclusive bargaining agent for all matters affecting the wages, hours and conditions of employment of all its employees in the classification as regular full or part-time bus drivers who perform work for [First Student] at its facilities located at Dixwell Avenue, Hamden, Connecticut or any successor facility."

12.      The employees covered by the Local CBA transport students to and from the Hamden Public Schools.

13.     The Local CBA expires on August 31, 2029.

14.     The Local CBA, at Article 18, states that the Local CBA "shall continue in effect up to and including August 31, 2029 and from year to year thereafter, unless and until either of the parties hereto shall give to the other written notice at least sixty (60) days prior to the expiration date, or the expiration date in any year thereafter, in its intention to have same changed or terminated."

15.     First Student and the Local Union negotiated and agreed that the Local CBA would prohibit strikes.  The Local CBA, at Article 11 contains a "No Strike / No Lockout" term. Article 11.3 states, "neither the Union nor the employees shall engage in, encourage, or condone a strike, slowdown or other refusal to work, picketing or any other activities directed against the business interests or operations of the Employer."

16.     First Student and the Local Union negotiated and agreed that the Local CBA would provide a retirement benefit.  Specifically, Article 17.12 of the Local CBA provides for employees to "participate in the New England Teamsters Savings and Investment 401(k) Plan and [First Student] shall no longer provide matching contributions to the Company's 401(k) plan for employees."  Article 17.12 further provides for First Student to make a guaranteed hourly contribution to the employees' 401(k) accounts.  First Student and the Local Union did not bargain for or agree to any provisions regarding a pension plan, and the Local CBA does not contain any pension plan benefit but instead provides for a 401(k) benefit.

17.     First Student and the Local Union negotiated and agreed that the Local CBA would provide for a certain number of guaranteed hours.  Article 17.9 of the Local CBA is titled "Guarantees."  Article 17.9 guarantees each driver a minimum of 2.5 hours for an AM and PM run, 1.5 hours for a noon run and 1 hour for a late run. Additionally, drivers would obtain other

pay guarantees for special work such as charter work, snow removal, and safety meetings.  First Student and the Local Union did not bargain for or agree to additional guaranteed minimum hours.

18.    First Student and the Local Union negotiated and agreed that eligibility for overtime would be calculated based on hours actually worked.  Specifically, Article 17.10 of the Local CBA states, "[e]mployees who work in excess of forty (40) hours per week shall be paid at time and one-half their regular rate of pay."  First Student and the Local Union did not bargain for or agree to include hours not actually worked in determining whether an employee is eligible for overtime.

19.    First Student and the Local Union negotiated and agreed that employees would receive limited pay for cancellation days.  Specifically, Article 17.18 of the Local CBA provides for employees to receive two hours of pay on snow days if the employee receives less than one hour of notice of cancellation.  When an employee receives more than one hour's notice of cancellation, then the employee does not receive any pay for lost time due to snow.  First Student and the Local Union did not bargain for or agree to additional cancellation pay.

20.    First Student and the Local Union negotiated and agreed that the Local CBA would provide for certain holidays.  Article 17.13 of the Local CBA provides for paid holidays, including certain floating holidays when school is not in session.  First Student and the Local Union did not bargain for or agree to add paid personal days.

21.    First Student and the Local Union negotiated and agreed that the Local CBA would set forth a mandatory grievance and arbitration process.  Article 13 of the Local CBA is titled "Grievances and Arbitration Procedure."  The Article defines "grievance" as "any controversy, complaint, misunderstanding or dispute."  The Article sets out a procedure for

presenting grievances and attempting to resolve them.  The Article states if "the settlement of the grievance has not been affected only the Employer or the Union may process the grievance to arbitration."

22.     First Student is party to approximately 260 other collective bargaining agreements with local Teamsters unions. Like the Local CBA, these agreements contain no-strike provisions and grievance and arbitration procedures, as well as similar bargained for and agreed-upon terms concerning retirement benefits, guaranteed minimum hours, calculable time for overtime eligibility, and paid time off.

23.     First Student is also party to a separate national agreement with the International Brotherhood of Teamsters that contains certain general, non-economic terms relating to all Teamster-represented employees (the "National Agreement").

24.     The National Agreement took effect on April 1, 2021 and expires on March 31, 2026.

25.     The National Agreement says that it "shall [] renew itself from year to year unless either party to the Agreement gives written notice to the other party at least sixty (60) days prior to the expiration of this Agreement of a desire to change, amend, or terminate this Agreement."

26.     On December 1, 2025, the International Brotherhood of Teamsters sent First Student a letter stating that it "wishes to modify and/or revise our [National] Agreement as of the current expiration date."

27.     The International Brotherhood of Teamsters and First Student have been negotiating terms of a new National Agreement but have not reached a deal.

28.     The International Brotherhood of Teamsters, acting in concert with this Local Union and others, is demanding that First Student agree to new terms relating largely to

economic issues that are governed by currently operative, and substantially distinct, local collective bargaining agreements, including the Local CBA.

29.     The International Brotherhood of Teamsters, acting in concert with this Local Union and others, is demanding that First Student agree to provide: a pension fund instead of a 401(k) benefit; a minimum of six guaranteed hours per day instead of 2.5 hours for morning and afternoon shifts, 1.5 hour for noon shifts, and 1.0 hour for a late run; calculation of the 40-hour threshold for eligibility for overtime pay by including all paid time, such as holidays and sick time, rather than only time actually worked; a minimum of three paid personal days in addition to the paid time off referenced in the Local CBA; and additional cancellation/snow day pay beyond that provided in the Local CBA.  Each of these proposals contravenes the terms of the Local CBA.

30.     The International Brotherhood of Teamsters, in concert with this Local Union and others, has said it will call a nationwide strike when the National Agreement expires on March 31, 2026, if First Student does not yield to those demands for new economic terms.

31.     On March 12, 2026, the Teamsters issued a written bargaining update about their negotiations with First Student.  In that update, the Teamsters declared that they are authorizing an imminent, nationwide strike to begin once the National Agreement expires on March 31, 2026.  The Teamsters further informed their members that First Student employees will be called to participate in the strike regardless of whether their local collective bargaining agreements contain promises not to do so.

32.     On March 20, 2026, First Student sent the Local Union a letter explaining that the threatened strike would cause "immediate and irreparable harm."  First Student asked the Local Union to provide assurance that it would not go on strike.  Specifically, First Student asked the

Local Union to "notify [First Student] in writing by 12:00pm, Monday, March 23, 2026 that you will honor your commitments under the no strike clause and other provisions of the collective bargaining agreement. If we do not receive confirmation from you within that time frame, we will accept that as notification that you have repudiated your agreement and intend to strike/engage in other economic activity."

33.    On March 24, 2026, and pursuant to Article 13 of the Local CBA, First Student served the Local Union with an amended Demand for Arbitration, stating that the Local Union, by its behavior in insisting to change negotiated terms, is violating Article 18 of the Local CBA. The Local Union's conduct further violates Articles 17.9, 17.10, 17.12, 17.13, and 17.18, concerning pension, paid time off, guaranteed minimum hours per day, minimum number of holidays, and calculation of eligibility for overtime pay.

34.    The Local Union has not responded to First Student's March 20 letter seeking its assurance not to strike nor its Demand for Arbitration.

## Count I – Claim for Injunctive Relief for Violation of Federal Law, 29 U.S.C. § 185 and 29 U.S.C. § 52

35.    First Student realleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 34 above.

36.    The Local Union, in concert with the International Brotherhood of Teamsters and other local Teamsters-affiliated unions, will imminently go on strike at Hamden Public Schools in violation of the Local CBA's no-strike clause. By striking, the Local Union will hold those schools, their students, and the students' parents hostage in an attempt to coerce First Student to change collectively bargained terms and avoid the grievance and arbitration process set forth in the Local CBA.

37.     Any disputes concerning retirement benefits, minimum guaranteed hours, cancellation pay, and leave time are grievable and subject to arbitration under the terms of the Local CBA.

38.     Article 18 states that the Local CBA "shall continue in effect up to and including August 31, 2029 and from year to year thereafter, unless and until either of the parties hereto shall give to the other written notice at least sixty (60) days prior to the expiration date, or the expiration date in any year thereafter, in its intention to have same changed or terminated."

39.     First Student has not consented to change the terms of the Local CBA, and the Local Union's demands that First Student change the CBA violates Article 18.  This contract violation must be arbitrated.

40.     The Local Union refuses to follow the Local CBA's mandatory grievance and arbitration process to resolve any disputes concerning the economic terms and conditions of the Local Union's relationship with First Student.

41.     The Local Union's imminent strike is a breach of the express terms of the Local CBA and a violation of 29 U.S.C. §185 and 29 U.S.C. § 52.

42.     By striking, the Local Union will substantially disrupt and interfere with First Student's operations.  The Local Union will prevent First Student from meeting its contractual obligations to transport students to and from Hamden Public Schools.  First Student does not have backup resources, such as replacement drivers, to provide student transportation services in the event of a strike.  Consequently, the strike will devastate First Student's advantageous business and contractual relationships with Hamden Public Schools.

43.     The Local Union's strike also would harm students, and their parents, who rely on Plaintiff's transportation services.  Parents would have to scramble to make alternative

arrangements or keep their children home from school.  In other words, by striking, the Local

Union would deny children access to education.  The strike also would cause significant harm to

First Student's reputation, from which First Student may never recover.

44.    A prior strike of First Student employees by another locally organized union

resulted in First Student losing approximately 45% of its routes in that district to a competing

transportation company.

45.    A nationwide strike would cause the reduction or suspension of approximately

15,200 transportation routes and the loss of approximately 1,000 to 2,000 (or more) drivers,

which would cause material harm to First Student's operations.

46.    First Student bargained with the Local Union in good faith for the grievance and

arbitration provision in the Local CBA.  The Local Union is ignoring its obligation to abide by

that provision.

47.    If the Court does not enjoin the strike, then the grievance and arbitration provision

of the Local CBA will be rendered meaningless.

48.    The Court has the authority to enjoin, and should enjoin, the Local Union's

conduct, in aid of arbitration, to preserve the status quo.  The Court should enjoin the Local

Union from striking, or otherwise not performing or interfering with the completion of

employees' assigned work, and it should enjoin Defendant and anyone acting in concert with it,

from engaging in any other disruptive economic activity.

WHEREFORE, being without adequate remedy at law, Plaintiff requests equitable relief

and prays:

A.    That until a full and complete hearing of this action can be had, a temporary
restraining order immediately issue from this Court restraining and enjoining
Defendant, its respective officers, agents, members, and others acting in concert

or participating with it, from engaging in acts as described in Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

B.      That upon hearing of this case, Defendant and its respective officers, agents and persons acting in concert with it be preliminarily and permanently enjoined and restrained in the manner herein described.

C.      That the Court grant Plaintiff First Student such other and further relief as the Court deems just and proper.


Respectfully submitted,

FIRST STUDENT, INC.,

By its attorneys,

*/s/ Lawrence Peikes*
Lawrence Peikes (ct07913)
lpeikes@wiggin.com
WIGGIN AND DANA LLP
Two Stamford Plaza
281 Tresser Boulevard
Stamford, Connecticut 06901
(203) 363-7600


FOLEY HOAG LLP

/s/ *James W. Bucking*
James W. Bucking (*pro hac vice* forthcoming) (MA BBO#558800)
Allison L. Anderson (*pro hac vice* forthcoming) (MA BBO#687662)
Patrick Scully (*pro hac vice* forthcoming) (CO Bar # 29343)

155 Seaport Boulevard
Boston, MA 02210
617 832 1000
jbucking@foleyhoag.com
alanderson@foleyhoag.com

1331 17th Street, Suite 600
Denver, CO 80202
720 782 5080
pscully@foleyhoag.com